DAUKSCH, Judge,
dissenting.
I respectfully dissent.
This is an appeal from a summary judgment in a lawyer malpractice case.
Appellees were contacted by an out-of-state lawyer on April 5, 1988 who said:
I am enclosing copies of my file as above captioned. My client, Spiro Voutsinas, was visiting Resort World of Orlando and fell on May 8, 1986. I have enclosed copies of medical records, as well as medical records from his auto accident which occurred on June 15, 1985.
Please file suit on behalf of my client and confirm same.
After you have reviewed the file, please contact me so that we can discuss the medical aspect of this case.
My sincere thanks for your anticipated cooperation.
On April 15, 1988 appellees replied to the April 5, 1988 letter saying:
Dear Charlie:
Enclosed please find the following:
1. Contract for Representation.
2. Statement of Clients’ Rights.
3. Letter of Fee Division.
Please have Mr. Voutsinas and his wife execute these documents and send them back. After I receive them, I will sign them and return copies for you and them. Also enclosed is the proposed complaint which includes a claim for his wife for loss of consortium, if you want to include this. If not, then she has no independent action and her claim will not be allowed. Please make her aware of this, and if she does not want to join, get a letter signed by her to that effect.
As soon as I get the contracts, I will file the complaint. You should also be aware *302 that when they want to depose the clients they will have to come to Florida.
If you have any questions, please don’t hesitate to contact me.
On April 18, 1988 “Charlie” responded: Dear Corey:
Pursuant to your request, enclosed herewith please find better photocopies of the bills you sent back.
Please note that I have forwarded the Contract for Representation, the Statement of Client’s Rights and the Fee Sharing Arrangement to the Voutsinas’ for their signatures and will forward them to you soon.
Thank you for your cooperation in this matter.
Then on May 3,1988 Charlie sent to Corey the following:
Enclosed herewith please find the fully executed Fee Sharing Arrangement, Contract for Representation and Statement of Client’s Rights.
Thanks again for your cooperation in this matter.
The enclosed Contract for Representation employs Steinberg and Stutin, P.A. to represent appellants. It is a full-length legal-size document setting out respective duties. It is signed by appellants but not by appellees. Because appellees never signed it they say they are not, and never were, bound to represent appellants. I disagree.
In my opinion, when appellees wrote the April 15, 1988 letter and said, inter alia “As soon as I get the contracts, I will file the complaint” they made an offer. When appellants sent the “contracts” they accepted the offer and a contract was formed.
When appellees did not file the complaint, and the statute of limitations ran, they breached the contract.
It was error to enter summary judgment.